IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

       Plaintiff,

  v.

JOHN MCGAHA,

       Defendant.

No. CR 15-0126 WHA

**FINAL PRETRIAL ORDER**

**FOR GOOD CAUSE** and after a final pretrial conference, the following constitutes the final pretrial order and rulings on motions in limine:

1. This case shall go to a **JURY TRIAL** to begin on **APRIL 28, 2016**, at **7:30 A.M.** If the jury has not reached a verdict by the end of the day on **THURSDAY, MAY 5**, trial will go dark on **FRIDAY, MAY 6**, and continue on **MONDAY, MAY 9**, and thereafter.

2. Rulings on the motions in limine were made on the record at the pretrial conference and are summarized later in this order.

3. Except for good cause, each party is limited to the witnesses and exhibits disclosed in the pretrial filings less any excluded or limited by an order in limine. Materials or witnesses used solely for impeachment need not be disclosed and may be used, subject to the Rules of Evidence.

4. A jury of **TWELVE PERSONS AND TWO ALTERNATES** shall be used.

5. Each side shall have **THIRTY MINUTES** for their opening statement.

6. Both sides agree that no witness will speak with counsel on the subject of her testimony during breaks or recesses while that witness is on cross examination.

**RULINGS ON MOTIONS IN LIMINE**

1. **MOTION TO USE SPECIAL PROCEDURE FOR UNDERCOVER FBI AGENT TESTIMONY.**

For the reasons stated on the record, and with the caveats stated herein, this motion is **DENIED**. The special procedure requested (emptying the gallery and substituting a television camera in the courtroom) runs too great a risk of prejudicing the accused, making it appear that the life of the witness is in danger by reason of confederates of the accused. The customary curative instruction suggested by the government would be prejudicial by elevating the undercover witness to an endangered and heroic status in service of protecting national security. This is not a national security case.

The undercover FBI agents shall testify publicly in open court. Before the undercover agents testify, the Court will admonish the public that they are not to take any photographs and court security officers will be instructed to confiscate any phone or camera that is being used to capture an undercover agent's image. Furthermore, a court security officer will be stationed in the hallway during the testimony of the undercover officers, who will not let anyone in the courtroom during the middle of the testimony, and who will ensure that no one is taking pictures through or peering through the hallway window, into the courtroom.

Last night, the government filed a "motion for clarification." The government lost this motion and is trying the patience of the Court through its efforts to reclaim some ground via motions for clarification. Nevertheless, the Court will consider the following procedure:

(1) The undercover agents' real names, as well as the pseudonyms they would be testifying under, will be part of the list vetted with the jury venire to determine any potential conflicts.

(2) Before each undercover witness testifies, he will be sworn in with his real name in a sealed hearing, outside the presence of the jury.

(3) During the undercover agents' testimony in front of the jury, each will be referred to once by their pseudonym, and thereafter will only be referred to as "Agent." The jury will not be told that the undercover agents are testifying under pseudonyms, as that would risk prejudicing the defense for the reasons stated above.

The parties shall be prepared to discuss this proposed procedure tomorrow at 7:30 A.M., before the jury venire is brought into the courtroom.

**2. MOTION TO PRECLUDE THE USE OF EXTRINSIC EVIDENCE FOR IMPEACHMENT.**

As the government did not raise any particular item of evidence it wants to exclude, this motion is **DENIED**, without prejudice to the government moving to exclude specific items of impeachment evidence as they arise during trial.

**3. MOTION TO ENSURE THE COURT KNOWS IT CAN CONSIDER EVIDENCE ALREADY PRESENTED TO IT IN DETERMINING THE ADMISSIBILITY OF EVIDENCE, INCLUDING THE ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS.**

The Court agrees with this general principle and will follow the Rules of Evidence.

**4. MOTION TO REQUIRE THE DEFENSE TO PROVIDE SOME EVIDENTIARY BASIS FOR ANY AFFIRMATIVE DEFENSE.**

As the defense stated on the record that it does not intend to put forth any affirmative defense, this motion is **DENIED AS MOOT**.

**5. MOTION TO PRECLUDE THE DEFENSE FROM REFERENCING POTENTIAL PUNISHMENT IN FRONT OF THE JURY.**

Neither side shall reference the potential punishment defendant McGaha could face if he is found guilty. Either side may, however, inquire into the specifics of any agreement any testifying witness has with the government, including potential punishment and mandatory minimums that witness would have faced had he gone to trial rather than pled guilty pursuant to a cooperation agreement.

**6. MOTION TO PRECLUDE THE DEFENSE FROM USING ANY MATERIAL NOT PROPERLY DISCLOSED UNDER RULE 16.**

The defense stated on the record that it has fully complied with Rule 16 and thus this motion is **DENIED AS MOOT**.

**7. MOTION TO INCLUDE A JURY INSTRUCTION ON DELIBERATE IGNORANCE.**

As discussed at the pretrial conference, the jury instructions will be determined based on how the evidence comes in at trial. This issue may be revisited at the charging conference.

**IT IS SO ORDERED.**

Dated: April 27, 2016.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3