IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN MCGAHA,

    Defendant.

    No. CR 15-0126 WHA

**FINAL CHARGE TO THE JURY**

1.

Members of the jury, it is now my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult as necessary. These instructions fall into several parts. The first part will address guidelines for evaluating the evidence, the burden of proof, and related matters.

2.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law in my instructions whether you agree with the law or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case fairly on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case.

3.

You must follow all of the instructions and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the Court may have said or done as suggesting what verdict you should return — that matter is entirely up to you.

4.

The charge against the accused is not evidence. The accused has pleaded not guilty to the charge. He is presumed to be innocent and does not have to testify or present any evidence to prove his innocence. Unless otherwise stated, the government has the burden of proving every element of the charge here beyond a reasonable doubt. Anytime I say in these instructions that the government has the burden of proof, it means proof beyond a reasonable doubt.

5.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the accused is guilty. It is not required, however, that the government prove guilt beyond all possible doubt. A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence or from a lack of evidence.

6.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the accused is guilty as charged, it is your duty to find him not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the accused is guilty as charged, it is your duty to find him guilty.

7.

The accused has testified. You should treat this testimony just as you would the testimony of any other witness.

8.

The evidence that you are to consider consists of:

1. The sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

2. The exhibits that have been received into evidence; and

3. Any facts to which the parties agree.

9.

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proven.

10.

In reaching your verdict, you may consider only the types of evidence I have described. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. They are not witnesses. What they said in their opening statements, closing arguments, and at other times is not evidence. Your memory of the evidence controls over the way either side has conveyed it to you.

2. A statement or suggestion in a question to a witness is not evidence unless it is adopted by the answer. A question by itself is not evidence. Consider it as evidence

only in light of the answer by the witness. If an objection was sustained to the question, then you must disregard it and the answer entirely.

    3.    Statements made in your presence by either side in response to a question or remark by the Court or the other side are not evidence.

    4.    Objections to questions are not evidence.

    5.    Testimony or exhibits that have been excluded or stricken, or that you have been instructed to disregard, are not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

    6.    Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

### 11.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw, heard, or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. Other evidence, however, such as a turned-on garden hose, may explain the presence of water on the sidewalk. Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

### 12.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it or none of it. In considering the testimony of any witness, you may take into account:

    1.    The opportunity and ability of the witness to see, hear, or know the things testified to;

    2.    The witness' memory;

    3.    The witness' manner while testifying;

4

4.	The witness' interest in the outcome of the case and any bias or prejudice;

5.	Whether other evidence contradicted the witness' testimony;

6.	The reasonableness of the witness' testimony in light of the evidence; and

7.	Any other factors that bear on believability.

13.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. Nor does it depend on which side called witnesses or produced evidence. You should base your decision on all of the evidence regardless of which party presented it.

14.

You have heard testimony from law enforcement officials. In evaluating the credibility of a law enforcement witness, you should use the same guidelines that apply to the testimony of any other witness. You should not give greater or lesser credence to the testimony of a witness merely because he or she is or was a law enforcement official.

15.

You have heard testimony from undercover agents who were involved in the government's investigation in this case. Law enforcement officials may engage in stealth and deception, such as the use of informants and undercover agents, in order to investigate criminal activities. Undercover agents and informants may use false names and appearances and assume the roles of members in criminal organizations.

16.

You have heard testimony from David Gaither, a witness who pleaded guilty, pursuant to a cooperation agreement, to a crime arising out of the same events for which the accused is on trial. A guilty plea is not evidence against the accused and you may consider it only in determining the witness' believability. For this reason, in evaluating the testimony of David Gaither, you should consider the extent to which his testimony may have been influenced by this factor. In addition, you should examine the testimony of David Gaither with greater caution than that of other witnesses.

17.

Some witnesses have given testimony in the form of opinions based on education or experience. Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

18.

You are here only to determine whether the accused is guilty or not guilty of the crime charged in this case. Your determination must be made only from the evidence received at the trial. The accused is *not* on trial for any conduct or offense *not* charged in this case. Even if you believe the accused is guilty of some other crime, you should focus your attention solely on the crime charged in this case. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the accused, only as they relate to the charge in our case. Furthermore, you should not draw any inference, favorable or unfavorable, from the fact that other persons discussed during trial are not named as defendants and should not speculate as to the reasons that other persons are not on trial.

19.

I will now turn to the law governing the offense charged.

20.

The accused is charged with conspiring to distribute, or to possess with intent to distribute, a controlled substance, in violation of federal law. Under federal law, controlled substances include, without limitation, cocaine, crack cocaine, marijuana, methamphetamine, heroin, and ecstacy.

21.

In order for the accused to be found guilty of that conspiracy, the government must prove each of the following elements beyond a reasonable doubt:

*First*, beginning on or about March 6, 2014, and continuing until on or about March 18, 2015, there was an agreement between two or more persons to (1) distribute a controlled substance, or (2) to possess with intent to distribute a controlled substance. The government does

1 not have to prove both distribution and possession with intent to distribute were committed in
2 order for you to find that the government has established this first element of this conspiracy
3 charge; however, you must unanimously agree that the government has proven beyond a
4 reasonable doubt that there was an agreement involving at least distribution or possession with
5 intent to distribute in order for you to find that the first element has been satisfied.

6 *Second*, the accused joined in the agreement knowing of its purpose and intending to help
7 accomplish that purpose.

22.

9 To distribute means to deliver or transfer possession of a controlled substance to another
10 person, with or without any financial interest in that transaction.

23.

12 A person has possession of something if the person knows of its presence and has physical
13 control of it, or knows of its presence and has the power and intention to control it. More than
14 one person can be in possession of something if each knows of its presence and has the power and
15 intention to control it.

24.

17 An act is done knowingly if the accused is aware of the act and does not act through
18 ignorance, mistake, or accident. The government is not required to prove that the accused knew
19 that his acts or omissions were unlawful. You may consider evidence of the accused's words,
20 acts, or omissions, along with all the other evidence, in deciding whether the accused acted
21 knowingly.

25.

23 You may find that the accused acted knowingly if you find beyond a reasonable doubt that
24 the accused was aware of a high probability that the purpose of the conspiracy was to distribute a
25 controlled substance, and deliberately avoided learning the truth.

26.

27 A conspiracy is a kind of criminal partnership — an agreement of two or more persons to
28 commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful;

it does not matter whether the crime agreed upon was committed. There can be no conspiracy, however, when the only person with whom a defendant allegedly conspired was a government agent or informant.

27.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

28.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor by merely knowing that a conspiracy exists. The government must prove that the accused agreed to the conspiracy charged in this case. It is not enough to prove that the accused joined in a different conspiracy than the one charged, or merely that the accused was corrupt, or that the accused committed some other crime.

29.

The above instructions state that the government must prove that the alleged offense was committed "on or about" certain dates. Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on dates reasonably near the relevant dates alleged, it is not necessary for the government to prove that the offense was committed precisely on the dates charged.

30.

You have heard testimony that the accused made certain statements. It is for you to decide whether the accused made the statement, and if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the accused may have made it.

31.

If you find the accused guilty of the charge against him, you are then to determine whether the government has proven beyond a reasonable doubt that it was reasonably foreseeable to the accused that the drug involved in the conspiracy was cocaine, and that it was reasonably foreseeable to the accused that the amount of cocaine involved equaled or exceeded five kilograms, was at least 500 grams but less than 5 kilograms, or was less than 500 grams. Your decision as to drug identity and to weight must be unanimous.

32.

The punishment provided by law for the alleged crime is for the Court to decide. You may not consider punishment in deciding whether the government has proven its case against the accused beyond a reasonable doubt. That is an entirely separate matter not relevant here and on which you should not speculate or base your decision in any way.

33.

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

34.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

35.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you

attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

36.

I will give you a verdict form to guide your deliberations.

37.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes. When you go into the jury room, the Clerk will bring in to you the trial exhibits received into evidence to be available for your deliberation.

38.

As I noted before the trial began, when you retire to the jury room to deliberate, you will have with you the following things:

1. A work copy of these jury instructions for each of you;
2. A work copy of the verdict form for each of you;
3. An official verdict form; and
4. All of the exhibits received into evidence.

Remember that none of these items is evidence except the exhibits.

39.

When you recess at the end of a day, please place your work materials in the brown envelope provided and cover up any easels with your work notes so that if my staff needs to go into the jury room, they will not even inadvertently see any of your work in progress.

40.

A court security officer will be outside the jury room door during your deliberations. If it is necessary during your deliberations to communicate with me, you may send a note through the court security officer, signed by your foreperson or by one or more members of the jury.

41.

No member of the jury should ever attempt to communicate with me except by a signed writing via the court security officer, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

42.

You have been required to be here each day from 7:45 A.M. to 1:00 P.M. Now that you are going to begin your deliberations, however, you are free to modify this schedule within reason. For example, if you wish to continue deliberating in the afternoons after a reasonable lunch break, that is fine. The Court does, however, recommend that you continue to start your deliberations by 8:00 A.M. If you do not reach a verdict by the end of today, then you will resume your deliberations Wednesday and thereafter.

43.

It is very important that you let the Clerk know via the court security officer in advance what hours you will be deliberating so that the lawyers and parties may be present in the courthouse at any time the jury is deliberating.

44.

You may only deliberate when all twelve of you are together. This means, for instance, that in the mornings before everyone has arrived or when someone steps out of the jury room to go to the restroom, you may not discuss the case. As well, the admonition that you are not to speak to anyone outside the jury room about this case still applies during your deliberations.

45.

Now, a word to our alternate jurors. You will not be deliberating with the rest of the jury at the outset. You are free to leave once the jury begins its deliberations. You may be called in to replace one of the jurors. Therefore, your responsibilities as an alternate remain in effect.

This means you are not to discuss this case with anyone until you join the regular jury in deliberations or until a verdict is returned and I expressly release you from service. If it becomes necessary to have you replace a juror, you will be asked to return to the court. You will then be sworn into the main jury and you and the rest of the jury will begin deliberations anew. If you are not needed, you will be notified as soon as the Court itself makes that determination. We will pause for a moment now for our alternates to be escorted out — with our thanks.

46.

When all twelve of you have reached a unanimous agreement on a verdict, your foreperson will fill in, date and sign the verdict form and advise the court security officer that you have reached a verdict. The foreperson should keep the filled-in verdict form and bring it to the courtroom when the jury returns the verdict. Thank you for your careful attention. The case is now in your hands. You may now retire to the jury room and begin your deliberations.

Dated: May 3, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE